■ HENRY JORDAN v. LESTER LEVY, Individually and Doing Business as TEDDY'S SHANTY, et al.— Motion to dispense with printing granted insofar as to dispense with printing in the record on appeal of those portions of the record set forth in the stipulation executed by the parties on January 13, 1961, on condition that one full set of the trial minutes in typewritten form be filed with this court on or before the Wednesday preceding the first day of the term for which the appeal is noticed for argument. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.

■ MABEL CHENU v. BOARD OF TRUSTEES OF THE POLICE PENSION FUND et al.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before January 31, 1961, with notice of argument for the March 1961 Term of this court, said. appeal to be argued or submitted when reached. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.

■ In the Matter of REGAL WINE & LIQUOR STORE, INC., v. STATE LIQUOR AUTHORITY.— Motion for a preference granted to the extent of placing the above-entitled proceeding at the head of the Enumerated Calendar of this court for February 7, 1961. Concur — Breitel, J. P. Rabin, McNally, Stevens and Eager, JJ.

■ OLLIE J. SALKIND v. BEATRICE R. SALKIND.— Motion for an enlargement of time granted insofar as to enlarge the appellant's time to serve and file the record on appeal and appellant's points to and including February 28, 1961, with notice of argument for the April 1961 Term of this court, said appeal to be argued or submitted when reached. The order of this court, entered herein on December 15, 1960, is modified accordingly. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.

■ WALL STREET TRADERS, INC., v. SAMUEL H. WANG.— Motion for consolidation granted to the extent of permitting all three appeals to be heard together upon a combined record, consisting of the record on appeal heretofore filed herein by the plaintiff-appellant-respondent and a supplemental record containing all papers material to said appeals not contained in the filed record, and upon one set of appellant's and respondent's points, on condition that the defendant-respondent-appellant, within 10 days after the entry of this order, pays to the plaintiff-appellant-respondent one half of the costs of printing the record on appeal heretofore filed herein by the plaintiff-appellant-respondent. Concur — Botein, P. J., Valente, Stevens, Eager and Bergan, JJ.

■ WALL STREET TRADERS, INC., v. SAMUEL H. WANG.— Motion to dismiss appeal denied. Concur — Botein, P. J., Valente, Stevens, Eager and Bergan, JJ.

(Republished)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRVING LEIBOWITZ, Appellant.— Order, entered August 4, 1960, denying defendant's application for a writ of error coram nobis, unanimously affirmed. No opinion. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

## (January 31, 1961)

■ In the Matter of BROADWAY MAINTENANCE CORP., Appellant, v. JACOB GRUMET et al., Constituting the Temporary Commission of Investigation of the State of New York, Respondents.

APPEAL from a resettled order of the Supreme Court at Special Term, entered January 12, 1961, in New York County, which (1) denied a motion by petitioner for an order to vacate, quash and set aside two subpoenas duces tecum